JAMES C. ARMSTRONG, RESPONDENT *v.* JOHN BROOM AND OTHERS, APPELLANTS.

CHATTEL MORTGAGE.—Under section 5, Chap. 21, Laws of Utah, 1884, a mortgage on chattels made in good faith to secure as *bona fide* debt, although the property was found in the possession of the mortgagor ninety days after the maturity of the obligation, but where notice of *lis pendens* of a suit to foreclose the chattel mortgage, was filed on the day preceding the expiration of the said ninety days, a decree of foreclosure and sale made in said suit will prevail against the purchasers with notice under an execution issued and levied on the next day after the expiration of said ninety days.

APPEAL from a decree of foreclosure and sale of the district court of the first district and from an order refusing a new trial.

*Messrs. Marshall & Royle* and *Messrs. Kimball & Heywood,* for the appellants.

*Messrs. Sutherland & McBride* and *Mr. Ransford Smith,* for the respondent.

ZANE C. J.:

This action was instituted to foreclose a chattel mortgage given by defendant Beardsley to the plaintiff on the fourteenth day of January, 1885, and duly recorded, to secure his promissory note of that date for the sum of $8,000.   The complaint was filed on the twenty-second day of July, 1885, and a decree was rendered for the plaintiff for the prin-

cipal and interest due, directing sale of the mortgaged property to satisfy the same, with costs. And the Utah National Bank recovered a judgment against the same defendant on March 18, 1885, on which an execution issued August 13 of the same year, which was levied the same day on the property mortgaged, and it was sold to defendant Broom on the twenty-second day of the same month, and by him mortgaged the same day to defendant Whitaker. The two defendants last mentioned claim the title to the property by virtue of this sale. This appeal is from the decree of foreclosure, and from the order denying a motion for a new trial.

Section 5, c. 21, Laws of Utah 1884, is as follows: "Any mortgage of personal property acknowledged and filed as hereinbefore provided shall thereupon, if made in good faith, be good and valid as against the creditors of the mortgagor, and subsequent purchasers and mortgagees, from the time it is so filed for record until the maturity of the entire debt or obligation for the security of which the same was given, and for a period of ninety days thereafter: provided the entire time shall not exceed one year." The 90 days after the maturity of the note secured by mortgage in this case expired on August 12, 1885, and the *lis pendens* was filed the preceding day; the action having been commenced on the twenty-second day of the preceding month. The levy was made the day following that on which the 90 days expired.

In view of these facts the appellants Broom and Whitaker insist that their rights to the property in question are superior to the plaintiff's; that the plaintiff's lien, by virtue of his mortgage, and the pendency of the foreclosure action, was invalid as against the levy of the execution, because the property was found in the actual possession of the mortgagor, and levied upon the day after the 90 days had expired. We are of the opinion that a mortgage of chattels, though made in good faith and duly recorded, is invalid as against the creditors of the mortgagor, and subsequent purchasers from him, if the property remains in his possession after the expiration of one year, or after the expiration of the 90 days in the fifth section mentioned,

without any measures taken to foreclose. So the question arises, what effect did the institution of the suit and the filing of the *lis pendens* have? The ninth section of chapter 21, mentioned above, provides that "an action for the foreclosure of a mortgage on personal property, or the enforcement of any lien thereon, of whatever nature, may be commenced, conducted, and concluded in the same manner as provided by the law for the foreclosure of a mortgage or lien on real property," etc. Section 266, p. 200, Laws Utah 1884, provides that a notice of the pendency of an action affecting the title or the right of possession of real property may be filed for record with the recorder of the county, etc.; and that from the time of filing such notice only, shall a purchaser or incumbrancer of the property be deemed to have constructive notice of the pendency of such action. This provision relates to actions for real property, and to constructive notice of the pendency thereof. The court below found that the defendants Broom and Whitaker had actual notice of plaintiff's mortgage, and of the suit to foreclose it, before they acquired any interest in the property in dispute. This finding appears to be supported by the evidence, and it does not appear that there was any unreasonable delay in the prosecution of the foreclosure suit to a final decree. This presents the further question, could the defendants Broom and Whitaker, with actual notice of the mortgage, and of the pendency of the suit, instituted before the expiration of the 90 days, acquire a valid title as against the plaintiff. The foreclosure of the mortgage by the plaintiff was an appropriate remedy to subject the property therein described to the payment of the debt secured thereby. The action having been commenced by plaintiff while the lien of the mortgage was good as against creditors, it kept the lien alive, and continued it until the decree and sale under it perfected his right with respect to it, and passed the title to the purchaser. If the plaintiff had failed to take any steps to foreclose his mortgage until after the 90 days had expired, and the mortgage had ceased to be a lien as against creditors and purchasers, their rights might have intervened, and become superior to those of the plaintiff. But the credit-

ors, with notice that plaintiff was proceeding to subject the property to the payment of the debt secured in the mode prescribed by law, could not acquire rights superior to the decree which might be rendered. When the 90 days expired, the plaintiff was not relying upon his mortgage alone. He had availed himself of the remedy which the law gave him. That added additional life and vitality to his right under the mortgage, and resulted in a perfect right. The remedy converted the property mortgaged into money, and gave that to the plaintiff. This was the end in view when the mortgage was made, if the debt should not be paid. The mortgage and the remedy together held the property, and accomplished the end in pursuance and by virtue of both.

The statute authorizes the foreclosure of a chattel mortgage by an action as we have seen. But if, between the day the mortgage would cease to be a lien without any steps to foreclose it and the day of the decree, the rights of creditors might intervene, and deprive the mortgagee, without his fault, of the benefit of the lien,—the object of the action—instead of being the means of perfecting the plaintiff's right, the remedy would afford an opportunity for its destruction. The property in question was described in the mortgage, and that was made a part of the complaint.

In 2 Lead. Cas. Eq. (Hare & Wallace's notes,) 170, the rule of *lis pendens* is stated thus: "A purchaser will also be affected with constructive notice whenever his purchase is made during the prosecution of a suit brought to enforce an adverse claim or title which is set forth with sufficient certainty and distinctness to apprise him of its being on the property purchased." At page 173, Id., is the further statement of the rule: "In *Murray* v. *Lylburn*, 2 Johns. Ch. 444, the principles asserted in *Murray* v. *Ballou* [1 Johns. Ch. 581] were held to apply to choses in action as well as to real estate. * * * And there are several cases which sustain the idea that, whenever personal property falls within the jurisdiction of chancery by becoming the subject of a suit for specific delivery or performance, * * * it will fall within the rules which apply, under

similar circumstances, to land, and cannot be discharged from the equity of the complaint by a sale *pendente lite.*" In the case of an equitable action to foreclose a mortgage or to enforce a lien, when the property is sufficiently de-scribed, we see no reason why the same rule as to *lis pendens* should not apply, as is provided in similar actions against real estate.

The suit of *Thompson* v. *Van Vechten,* 5 Abb. Pr., 458, was to determine the priority of the claims of the respective parties to the proceeds of the sale of the steam-boat Alida. The priority of the rights of one of the parties depended upon a sale under a chattel mortgage held by one Dunlap, who, by his agent, had advertised the boat to be sold in pursuance of the mortgage, but had not taken actual possession. The court in its opinion said: "On June 28, 1854, Dunlap took measures to foreclose the mortgage and sell the vessel. This was equivelent to an assumption of possession."

The case of *Otis* v. *Sill*, 8 Barb., 102, was brought for taking and detaining personal property. The plaintiff claimed by virtue of a chattel mortgage, and the defendant by virtue of an execution on a judgment against the mortgagor. At the time of the levy the plaintiff had not taken actual possession of the property, or filed a copy of the mortgage within 30 days previous to the expiration of the year. The court said: "The plaintiff's mortgage was dated the eighteenth day of October, 1847, and was filed in the office of the county clerk on the nineteenth day of October, 1847. On the sixteenth of October, 1848, the plaintiff caused an inventory of the property, which he claimed was embraced by the mortgage, to be taken, and the property to be advertised for sale under the mortgage. Advertising the property for sale, under the power of sale contained in the mortgage, previous to the expiration of one year from the time of the filing of the mortgage, in my judgment, excused the plaintiff from the obligation of filing a copy of the mortgage within 30 days previous to the expiration of the year, as required by the third section of the act in relation to chattel mortgages. Laws 1883, p. 402. The third section of this act is evidently applicable only to cases

when the mortgagee allows the mortgagor to continue in possession of the mortgaged property after the expiration of the year without taking the property into his actual possession, or adopting some proceeding to enforce the forfeiture of the mortgage, or to sell the equity of redemption of the mortgage previous to the expiration of the year from the filing of the mortgage."

In holding that the interest of the defendants Broom and Whitaker, under the levy and sale by virtue of the execution on the judgment of the Utah National Bank against Beardsley, was subject to plaintiff's right under his mortgage and decree, we are of the opinion the trial court committed no error; and we are also of the opinion that the evidence authorized the finding that the mortgage was given to secure a *bona fide* debt and in good faith. After a careful consideration of this record, we find no error in it.

The decree of the court below is affirmed.

BOREMAN J., and HENDERSON, J., concurred.