## No. 11,634.

### LAMON v. HARADA.

Decided September 13, 1926.   Rehearing denied October 11, 1926.

Proceeding involving ownership of proceeds of a beet crop.   Judgment for mortgagee.

### *Reversed.*

### *On Application for Supersedeas.*

1.   APPEAL AND ERROR—*Facts.*   The Supreme Court in reviewing a case is limited to the facts shown by the record.

2.   CHATTEL MORTGAGE—*Possession.*   A mortgagee is allowed 30 days ·after maturity of the mortgage debt, within which to take possession of the property.

3.   *Notice.*   The filing or recording of a chattel mortgage is equivalent to actual notice.

4.   *Validity.*   Unless the mortgagee takes possession of the mortgaged property or files or records his mortgage, it is invalid against the rights of third parties, and the same is true if he fails to extend the lien of his mortgage after maturity in the manner provided by law.

5.   *Extension.*   A mortgagee of chattel property, if he wishes to preserve his lien, is not relieved of the necessity of extending the mortgage or taking steps to enforce his lien on the property or its proceeds in the hands of a purchaser and delivered to the purchaser, during the life of the mortgage.

*Error to the County Court of Otero County, Hon E. C. Glenn, Judge.*

Mr. H. E. BRAYTON, Mr. THOS. L. BARTLEY, for plaintiff in error.

Mr. CHAS. E. SABIN, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE controversy in this case arose out of the following facts:

In May, 1924, plaintiff in error had judgment against Y. Kanetomo. During that year Kanetomo raised on a farm, known as the Potter farm, sugar beets which he sold to the Holly Sugar Corporation. On September 14, 1925, plaintiff caused an alias execution to be issued on the judgment against Kanetomo, and on September 21, 1925, garnishment process was served on the Sugar Corporation, which, on or about October 1, 1925, answered: "We are holding money due from 1924 crop of beets in the amount of five hundred seven dollars and fifty-eight cents ($507.58), and same will be due when the court orders payment to be made. The Rocky Ford National Bank claims this crop is mortgaged to them." This money, at that time in the hands of the garnishee, is the sum in controversy here.

On November 3, 1924, Kanetomo, the judgment debtor, executed and delivered to the defendant in error, Harada, a chattel mortgage on "an undivided three-fourths interest in eighteen (18) acres of beets now growing on the Potter place and farmed by me north of Roberta," to secure the payment of two promissory notes, one for $582.27 payable December 13, 1924, and one for $514 payable ninety days after date of mortgage, or about February 1, 1925. The chattel mortgage was filed for record November 5, 1924, at 9:30 o'clock a. m., and duly recorded.

On the same day the chattel mortgage was given, Kanetomo executed and delivered to Harada an assignment in consideration of the sum of $1096.27, the aggre-

gate amount of the two notes, by which he assigned to Harada an undivided ¾ interest in all beets delivered by him to the Holly Sugar Corporation during the month of October, 1924, and directed the company to make the check for that sum payable to Harada. This assignment was delivered to the Sugar Company on the same day. The crop of beets raised by Kanetomo during the year 1924 was delivered by him to the Sugar Company during the months of October and November of that year. Out of the money due Kanetomo for that crop of beets, the Sugar Company drew a check for $848.32 payable to the Rocky Ford National Bank, Maggie M. Potter, Executrix, and S. Harada, as assignee of Kanetomo. The sum due from the Sugar Company for beets delivered during the month of October, 1924, was $942.58, and for beets delivered to the Sugar Company during the month of November of that year, the sum of $543.95; also an additional sum of $132.83, by reason of a sliding scale agreement, which became due in February, 1925, for the beets delivered during the year 1924, the total amount being $1619.36.

The chattel mortgage was never extended. Plaintiff in error, hereinafter referred to as the plaintiff, claims the sum in controversy here by virtue of the execution and garnishment issued September 14, 1925, and the defendant in error, hereinafter referred to as the defendant, filed his petition in intervention claiming the money by virtue of the written assignment and his rights under the chattel mortgage.

The proceedings were had in the county court, where the case was tried to the court without a jury. Findings and judgment in favor of the intervener, and plaintiff brings the case here and applies for a supersedeas.

Defendant cannot, in fact does not, make any claim to the money by virtue of the assignment, for the reason that the assignment conveyed only the assignor's interest in the beets delivered during the month of October,

and the evidence shows, and presumably the court found, that the beets delivered during that month amounted to $942.58, while the Company's check for $848.32, drawn October 1, 1924, payable to the Bank, Potter, and Harada, and its check for $135.99, drawn to Potter, more than equaled the amount of the beets delivered during that month.

From the evidence of Harada, it appears that he received nothing from the $848.32 check, and the fair inference is that it was absorbed by the Bank and Potter. The testimony is further that defendant received about $300 only on the sums due him from Kanetomo, but received that from other security.

It seems to be conceded that the only question for our determination is whether plaintiff is entitled to the $507.58 in the garnishee's hands at the time of its answer, October 1, 1925, or whether defendant is entitled to it under his chattel mortgage, which had not been extended.

The plaintiff contends that because the mortgage was not extended, defendant lost whatever lien he might have had by virtue of the mortgage, and that at the time of the levy of the execution, defendant had no lien whatever, either on the beets or the proceeds thereof in the hands of the garnishee.

Defendant's theory is that his mortgage lien attached to the proceeds of the sale prior to the maturity of the indebtedness secured by the mortgage, and that his lien was not lost by his failure to extend the mortgage, the proceeds being all the time in the hands of the Sugar Company, and neither the beets nor the proceeds in the possession or under the control of the mortgagor.

In 1923, the Assembly passed an act, chapter 74, L. 1923, which provides ''That no chattel mortgage on any crop shall be, or be deemed, invalid by reason of the mortgagee consenting or agreeing, either expressly or by implication, that the crop may be sold by the mortgagor, but the lien of the mortgage shall, in such case, continue and attach to the proceeds of the sale in the hands of

the purchaser, unless the mortgagee shall have expressly waived such lien.''

Defendant cites *Littell v. Brayton Co.,* 70 Colo. 286, 201 Pac. 34, and argues that on November 5, 1924, but after the recording of defendant's mortgage, plaintiff caused an alias execution to be issued upon her judgment against Kanetomo, and garnishment process served upon the Sugar Company; that this garnishment was never released and by reason thereof the fund was in custodia legis where it has at all times since remained, but subject to the lien of defendant's mortgage; that while there is no showing that plaintiff had actual notice of defendant's mortgage at the time she caused the fund in the hands of the garnishee to be seized, she was charged with the constructive notice afforded by the record which he insists brings the case within the authority cited, and dispenses with actual notice.

This argument would merit our consideration if it had any foundation in the record, but it has not. The first alias execution and garnishment process disclosed by the record was issued September 14, 1925, and we are limited in our consideration of the case to the facts shown by the record. Nor can we sustain defendant's theory that his lien was not lost by his failure to extend the mortgage.

The language of our statute is clear and explicit. ''No mortgage of personal property shall be valid against the rights and interests of any third person   *   *   *   unless possession of such property be delivered to and remain with the mortgagee, or the mortgage be acknowledged and certified, and filed or recorded.'' C. L. § 5083.

The mortgagee is allowed thirty days after the maturity of the debt within which to take possession of the mortgaged property. The lien of any chattel mortgage filed or recorded may at any time within thirty days after the maturity of the last instalment of the indebtedness secured thereby be extended by filing a sworn statement as provided by the statute. The filing or recording of a

chattel mortgage is a substitute for the mortgagee's possession, and although designated as constructive notice, it is equivalent to actual notice.

If the chattel mortgagee does not take actual possession of the mortgaged property, he must file or record the mortgage, and failing to do either the mortgage is invalid against the rights and interests of third persons, and the same is true if he fails to extend the lien of his mortgage in the manner provided by law.

In *Bank v. O'Connell,* 77 Colo. 275, 236 Pac. 1002, we held that by reason of a premature filing of the affidavit, there was no extension of the mortgage, and that at the date of the purchase of the property by defendant O'Connell, there was no lien by virtue of the mortgage, and the purchaser took the property freed from any claim of the plaintiff bank to the proceeds of the sale. It also appeared in that case that the mortgagor had been permitted by the bank to retain possession of the property mortgaged, and to offer for sale and to sell the same as his own.

In the instant case the purchase money for the beets delivered in November, 1924, became due in February, 1925. The last instalment of the indebtedness secured by the mortgage matured about February 1, 1925. When the beets were sold and delivered by Kanetomo to the Sugar Company, the mortgage was in force, and the lien of the mortgage continued and attached to the proceeds of the sale in the hands of the purchaser. This lien could not survive the life of the mortgage.

After the expiration of the thirty days after the maturity of the last instalment of the indebtedness secured by the mortgage, no extension affidavit having been filed, the mortgage became void as to third persons.

As said in *Cooper v. Koppes,* 45 Ohio St. 625, 15 N. E. 662, the continuity of the lien was broken; it was dead, inoperative, and ineffective as to all persons except as to the mortgagor.

From the time of the execution of the mortgage until the filing of the petition in intervention, in November, 1925, the record does not reveal that defendant took any steps to obtain possession of the mortgaged property, or to collect from the mortgagor the amount due him on the notes, or to enforce his lien against the proceeds of the sale in the hands of the Sugar Company, while that lien existed, nor did he in any manner seek to subject those proceeds to the payment of the indebtedness due him from Kanetomo.

Several months expired, after the time when an affidavit for an extension of the mortgage could have been filed, before the garnishment process was served upon the Sugar Company, and during all this time defendant asserted no claim to the proceeds of the sale of the beets. The Sugar Company apparently did not know that defendant claimed a lien upon the proceeds of the sale for when it answered as garnishee it stated that the Rocky Ford National Bank claimed it had a mortgage on the beet crop for 1924, but made no mention of any mortgage to defendant.

To sustain defendant's theory would be to hold that a secret lien may hold against personal property for an indefinite length of time to the loss and injury of creditors who would have a right to assume that no lien exists. Such a holding would not be in furtherance of justice and not in accord with the spirit and intent of our recording statutes.

The argument that defendant was relieved of the necessity of extending his mortgage by reason of the fact that the property had been delivered by the mortgagor to the purchaser is not sound. At the time of the sale and delivery of the beets, if no mortgage thereon existed, the proceeds would have been payable to the seller, and the proceeds, while in the hands of the purchaser, would have been subject to seizure at the instance of the creditors of the vendor. When the sale and delivery was

made, the title passed to the purchaser subject only to defendant's lien of the mortgage on the proceeds, and had the proceeds been more than sufficient to satisfy the mortgage lien, the residue would have been subject to attachment by the mortgagor's creditors.

Supersedeas denied and judgment reversed with instructions to the trial court to enter judgment for the plaintiff.