BANK OF NORTH DAKOTA, a Corporation Operated by the State of North Dakota, Respondent, v. A. E. BEAN and Kenneth Bean, Appellants.

(216 N. W. 575.)

**Chattel mortgages — creditor not encumbrancer in good faith.**

Where the relation of debtor and creditor arises within three years from the filing of a chattel mortgage given by the debtor to an earlier creditor, the later creditor is not a "subsequent encumbrancer in good faith" even though he takes a chattel mortgage upon the mortgaged property, after the expiration of three years from the filing of the first mortgage, as he is not such "creditor" as is contemplated by the Statute.

Opinion filed December 12, 1927.

Chattel Mortgages, 11 C. J. § 236 p. 545 n. 21.

Appeal from the District Court of Ward County, *Moellring*, J. Affirmed.

*E. R. Sinkler* and *G. O. Brekke,* for appellants.

"A mortgagee in good faith is one who takes a chattel mortgage to secure a debt actually and justly owing him, whether pre-existing or not, without actual or constructive notice of prior equities against the mortgaged property." State Bank v. Kelly, 68 N. W. 481.

"The renewal of a past due debt by giving new notes secured by a chattel mortgage and the extension of the time of payment thereof, makes such mortgage a mortgage for value." Horton v. Wright, B. & S. Co. 36 N. D. 622, 162 N. W. 939.

"One who has purchased for value and without notice, or his transferee, is termed a holder in good faith." McClure v. Oxford Twp. 94 U. S. 432, 24 L. ed. 129.

*H. L. Halvorson,* for respondent.

" 'Good faith' is defined as being honest; acting without knowledge of fraud and without intention to assist in a fraudulent or unlawful scheme." Crouch v. First Nat. Bank, 40 N. E. 974.

Note.—On right of second mortgage as subsequent purchaser or encumbrancer to take precedence over first mortgagee, see 5 R. C. L. 453,

Caution and diligence must be exercised in making a purchase or taking a mortgage, and a lack of ordinary caution or diligence is the evidence of lack of good faith. Pringle v. Phillips, 5 Sandf. 157.

Burr, J. This is a suit where each of two parties claims first lien on the same personal property. On January 1, 1923, the defendant, A. E. Bean, executed the mortgage held by the plaintiff and the same was filed with the register of deeds on January 15, 1923, and not renewed. This action was commenced on the 21st day of October, 1926 and at that time there was due on the note secured by this mortgage the sum of $3,575.80 and interest from February 19, 1926.

The defendant, A. E. Bean, is the father of his codefendant Kenneth Bean, and gave to his son a mortgage on the same property on July 13, 1926, to secure an alleged indebtedness of $2,300 running from the year 1920; and said mortgage was filed with the Register of Deeds on July 14, 1926. No part of the indebtedness secured by this mortgage has been paid.

The court adjudged the mortgage held by the plaintiff to be a lien superior to the lien of defendant Kenneth Bean and the latter appeals.

Appellant contends that because plaintiff's mortgage was not renewed within three years from the date of its filing, as provided for in § 6762 of the Code, and as his mortgage was not executed until three years and a half after the filing of plaintiff's mortgage, he has the superior lien— claiming he took his mortgage in good faith and without knowledge of the existence of the plaintiff's mortgage.

Kenneth Bean's account against his father is for work and labor performed on the latter's farm for a period beginning in 1920 and continuing until some time early in 1926, but there is no claim for any services after the plaintiff's mortgage is said to have been "outlawed." He was born August 6, 1902, and worked for his father on the farm. A portion of his alleged claim is for such services which in fact belonged to his father. See § 4424 of the Code. There is no claim of emancipation under § 4436, and the son continued to work for his father after he became of age. There is no proof of any hiring of the son by the father for the three years after he became of age, so presumptively his father owed him nothing for this subsequent service, § 4435 of the Code, though the son does say he "was to have thirty-five dollars a month straight time

and ten dollars a day threshing;" but evidently this is the "settlement" he refers to as no "statement" was ever rendered, and the son kept no accounts. He says, with reference to what money his father gave him from time to time, "Yes, I know now what I drew, yes, when we settled, we figured up last summer." That was when the mortgage was given. There is some testimony indicating a talk between the father and mother as to what the son was to have, but nothing about this being communicated to the son. In any event we do not consider this controlling. The son was no longer working at home when the settlement was had. The father drew up the note and mortgage, listed the same property as in plaintiff's mortgage and had the mortgage filed. The son knew nothing about what was "due" or what he had received, did not even have possession of the mortgage and never saw it. The testimony shows that after the services were rendered, and some time in July 1926, this "settlement" was had and the note and mortgage given. During these three years the son had notice of plaintiff's mortgage. He did not extend credit to his father (if he extended credit at all) because of lack of notice. Hence when he became a creditor of the father in the real sense of the word, that is after he became of age, he had notice of plaintiff's mortgage as the same was on file with the register of deeds. The case therefore, comes squarely within the rule laid down in the case of Union Nat. Bank v. Oium, 3 N. D. 193, 44 Am. St. Rep. 533, 54 N. W. 1034, and the case of Hanson v. Blum, 53 N. D. 526, 207 N. W. 144, for "his character as an encumbrancer is determined by the notice that he has at the time the credit is extended, or his position is altered to his detriment, rather than by the notice that he has at the time the security is taken." At the time he continued to work for his father after he became of age he had this notice of the plaintiff's mortgage and so he contracted his debt with full knowledge thereof.

The judgment of the lower court is therefore affirmed with costs.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.