[Civ. No. 1023. Fourth Appellate District.—July 3, 1933.]

FRED C. SILVERTHORN & SONS (a Corporation), Appellant, v. PACIFIC FINANCE CORPORATION (a Corporation) et al., Respondents.

Liggett & Liggett for Appellant.

Paul R. Watkins, John L. Rush and William Hamilton for Respondents.

BARNARD, P. J.—The Pacific Finance Corporation took two chattel mortgages upon a dairy herd owned by one Raymond, the first of which was dated December 19, 1929, and the second April 21, 1930. Neither mortgage contained an affidavit of good faith on the part of the mortgagor, as required by section 2957 of the Civil Code. On those dates and for some years prior thereto the mortgagor was indebted to this plaintiff on account of hay and grain sold and purchased. This indebtedness to plaintiff gradually increased until February 27, 1931, at which time Raymond executed and delivered to plaintiff a note secured by a chattel mortgage covering the same herd of cattle. It is conceded that the plaintiff had actual notice of the existence of these prior

mortgages for some sixty or ninety days before taking its mortgage. All three mortgages were recorded immediately after their execution. Before the plaintiff's mortgage became due, the Pacific Finance Corporation commenced foreclosure of its mortgages by reason of defaults in payments and also commenced an action in claim and delivery and took possession of the dairy herd in question. The cattle were sold at a mortgage sale for their reasonable value and the proceeds applied upon the two mortgages first referred to. This action in conversion was then begun and from a judgment in favor of the defendants the plaintiff has appealed.

The appellant contends that such a defective chattel mortgage is void as against creditors of the mortgagor, even though such a creditor has full knowledge of the existence of the mortgage; that while, under the decisions, such a creditor must have or secure a specific interest in or a lien of some kind upon the mortgaged property, such interest or lien may be one other than that of an attachment or execution; that the appellant secured such a special interest or lien when it obtained its chattel mortgage; and that it did not waive its status as a creditor by accepting the chattel mortgage security.

It has been pointed out in *Cardenas* v. *Miller*, 108 Cal. 250 [39 Pac. 783, 41 Pac. 472, 49 Am. St. Rep. 84], that the statute makes a plain distinction between creditors on the one hand and subsequent purchasers and encumbrancers on the other, the latter being protected against a prior deficient mortgage only when they take their conveyances for value and without actual notice of the prior mortgage, while as to the former such good faith is not essential. It has been thoroughly settled, however, that a general creditor of the mortgagor cannot set aside such a deficient mortgage until he has himself acquired a specific interest in or claim upon the particular property involved. (*Lemon* v. *Wolff*, 121 Cal. 272 [53 Pac. 801]; *Ruggles* v. *Cannedy*, 127 Cal. 290 [53 Pac. 911, 915, 59 Pac. 827, 46 L. R. A. 371]; *Wolpert* v. *Gripton*, 213 Cal. 474 [2 Pac. (2d) 767, 769].) In *Wolpert* v. *Gripton*, the court said:

"Only a creditor who has acquired a lien upon the mortgaged property by virtue of some legal proceeding, or who is armed with some process authorizing seizure of the prop-

erty, can question its compliance with the formalities prescribed by the code."

In *Ruggles* v. *Cannedy, supra,* it is said:

" 'Of course, it is true in general that a creditor at large of the mortgagor cannot set aside a mortgage for lack of recordation, any more than can such a creditor set aside a sale void for want of immediate delivery. He must come first with his judgment lien, execution levy, attachment, or some other process or right by which he has acquired a specific interest in or claim upon the particular property.' "

The essential question here presented is whether a party having a chattel mortgage, who is not an encumbrancer in good faith within the meaning of section 2957 of the Civil Code, having taken the same with actual knowledge of the existence of a prior defectively executed mortgage, has such an interest in or lien upon the mortgaged property as gives him, as a creditor, a priority over the holder of the former mortgage.

The language used in the cases above cited would indicate that the interest in or claim upon the property involved which must be acquired by a general creditor in order to enable him to successfully attack a prior mortgage not executed in full conformity with the statutes must be one arising from some legal proceeding or one in the nature of some process authorizing an immediate seizure of the property, and that something more is required than the lien of a subsequent mortgage securing a note not yet due which is taken with notice.

Even if the lien of such a new mortgage were, in itself, sufficient to give the specific interest required under the decisions, the subsequent mortgage is an encumbrance and, under the terms of the statute, when the same is taken with notice the encumbrancer acquires no rights as against the first mortgagee. The statutory restriction applies to the entire mortgage, including any lien in connection therewith. While, as argued, a creditor does not lose his rights as such by taking a chattel mortgage to secure his debt, it is equally true that he gains nothing as against the prior mortgage, by becoming an encumbrancer with notice. The statute makes a distinction between a creditor and an encumbrancer, in so far as the matter of notice is concerned, but it makes no distinction between an encumbrancer who with

notice enters into a new transaction and one who with notice relies upon and takes security for a prior obligation. In either case the new mortgagee is an encumbrancer and is bound by the provisions of the statute.

The case of *Harns* v. ,*Silva*, 91 Cal. 636 [27 Pac. 1088), was one where a mortgage did not contain the proper certificate, and where another party took a subsequent mortgage to secure a debt due him with full knowledge of the prior mortgage. It was there held that the second mortgagee was an encumbrancer within the meaning of section 2957 of the Civil Code; that he was not an encumbrancer in good faith, since he took with knowledge; and that it made no difference that the second mortgagee was a creditor of the mortgagor, since he was relying upon his mortgage and was, in fact, a subsequent encumbrancer within the meaning of the statute.

We conclude that the appellant is in the position of a general creditor who, within the meaning of the statute and the decisions, has acquired no lien on the mortgaged property by virtue of a legal proceeding and who is not armed with any process authorizing the seizure of the property.

The judgment is affirmed.

Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1933.