[No. 13801.　Department One. — November 14, 1891.]

GEORGE HARMS, Appellant, *v.* N. BRUNO SILVA ET AL., Respondents.

Chattel Mortgage — Growing Crops — Record without Certificate of Acknowledgment — Subsequent Mortgage — Notice. — A subsequent mortgagee of growing crops, who takes his mortgage with full knowledge of a prior mortgage thereupon, is not an encumbrancer in good faith, so as to render the prior mortgage void as to him, although the prior mortgage is recorded without a certificate of acknowledgment, if it substantially complies with the prescribed statutory form, and was duly executed.

Id. — Construction of Code — Unrecorded Chattel Mortgage — Subsequent Purchasers and Encumbrancers. — The code provisions, as to those chattels on which a mortgage is permitted, puts them, except as to certain specified conditions, on the same basis as mortgages upon real estate; and the fact that the mortgage, in the absence of a proper record, is expressly made void as to purchasers and encumbrancers in good faith and for value implies that it is valid as to all others without such record.

Id. — Creditors of Mortgagor — Claim and Delivery — Action by Subsequent Mortgagee. — Though the code makes an unrecorded chattel mortgage void as against the creditors of the mortgagor, a cred-

itor who sues as a subsequent encumbrancer only, to recover the mortgaged crop or its value, against the holder of a prior unrecorded mortgage who has taken possession of the harvested crop, has no rights in the case, unless he acquired them by his mortgage, and it matters not that he was a creditor of the mortgagor at the time of the prior mortgage.

Appeal from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*S. F. Geil, George W. Roadhouse,* and *Geil & Morehouse,* for Appellants.

The crop mortgage given by the defendant Silva to the defendant Keating was void as to the plaintiff. The requirements of the code are mandatory, and a mortgage of personal property which does not in every respect conform to these requirements is, as to creditors of the mortgagor, and subsequent purchasers and encumbrancers in good faith, for value, as void and ineffectual as though it had never·been made. (Jones on Chattel Mortgages, sec. 248; *Hill* v. *Gilman,* 39 N. H. 88; *Becker* v. *Anderson,* 11 Neb. 493; *Gassner* v. *Patterson,* 23 Cal. 299.) Statutes of similar character in other states have been so construed as to hold the parties to a strict performance of the conditions on which the validity of the mortgage depends. (*Chenyworth* v. *Daily,* 7 Ind. 284; *Divver* v. *McLaughlin,* 2 Wend. 596; 20 Am. Dec. 655; *Clayborn* v. *Hill,* 1 Wash. (Va.) 177; 1 Am. Dec. 452; *Frank* v. *Miner,* 50 Ill. 444; *McDowell* v. *Stewart,* 83 Ill. 538; *Koplin* v. *Anderson,* 88 Ill. 120.) The plaintiff was a subsequent encumbrancer of the property in good faith and for value. (Civ. Code, sec. 2957.) The plaintiff never had any notice, actual or constructive, that Keating held a prior mortgage, as a mortgage not executed or acknowledged in conformity with the statute, although spread upon the record, is not notice to creditors or purchasers. (Jones on Chattel Mortgages, sec. 248.)

*Frederick Sherwood, W. M. R. Parker,* and *Dorn & Parker,* for Respondents.

Non-compliance with the statute does not affect the validity of a chattel mortgage as against a subsequent mortgagee with notice. (Jones on Chattel Mortgages, sec. 293.) The subsequent encumbrancer with notice stands in the same position as his mortgagor, and cannot avoid the mortgage unless his vendor could. (Jones on Chattel Mortgages, sec. 312.) The same rule as to notice governs in cases of chattel mortgages as in cases of other unrecorded conveyances. (Jones on Chattel Mortgages, sec. 312; Wade on Notice, 77.) A chattel mortgage is good between the parties and those who have notice so as to occupy the place of the mortgagor, although it does not conform to the statute. (*Stewart* v. *Platt,* 101 U. S. 731; *Gibson* v. *Warden,* 14 Wall. 244; *Moore* v. *Simonds,* 100 U. S. 145.) If the mortgage was valid between the parties, it is also valid as to those who had notice of it. (*Allen* v. *McCalla,* 25 Iowa, 464; 96 Am. Dec. 56.) Not only did the plaintiff have notice of Keating's mortgage, but he was not an encumbrancer for value as the statute required. He did not part with any value for his mortgage. He took the mortgage for an antecedent debt, and while it was a good consideration for the mortgage, it was not for value, and he does not come within the statute. (Jones on Mortgages, sec. 292; *Thompson* v. *Van Vechten,* 27 N. Y. 568.)

TEMPLE, C. — This action is to recover one hundred tons of baled hay, or the value. Defendants had judgment, and plaintiff appeals from it and the order refusing a new trial.

The hay was raised by Silva, who, on January 21, 1889, mortgaged the same, then a growing crop, to Keating, to secure the sum of $350, with interest, also " whatever further necessary costs that may be needed to guard and care for said crops."

The mortgage was duly executed, and had attached to it the affidavit required by section 2957 of the Civil

Code; but the officer neglected to certify the acknowledgment, and Keating had the mortgage recorded by the county recorder, without the certificate.

Afterwards, March 29, 1889, Silva mortgaged the same crop to plaintiff, to secure a debt due from Silva to him. Plaintiff took his mortgage with full knowledge of Keating's mortgage, and expecting at the time to obtain a second lien, being unaware of any defect.

Plaintiff's mortgage was duly executed, and was recorded on the day it was executed.

Each mortgage contains a stipulation giving the mortgagee a right to take possession of the crop when harvested. June 12, 1889, the hay having been cut and baled, the plaintiff attempted to take possession, and did receive and haul away eight bales. Returning for more, he found defendant Keating in possession, whereupon he commenced this action.

The only question in the case is, whether Keating's mortgage is void as to plaintiff.

Section 2955 of the Civil Code prescribes that chattel mortgages may be made upon certain personal property therein enumerated, and including growing crops.

Section 2956 provides a form with which such mortgage must substantially comply. Keating's mortgage does substantially comply with the prescribed form.

The next section makes such mortgage void "as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property, in good faith and for value, unless" accompanied by a certain affidavit and acknowledgment, proved, certified, and recorded in like manner as grants of real property.

The fact that the mortgage, in the absence of a proper record, is expressly made void as to purchasers and encumbrancers for value and in good faith, implies that it is valid as to all others without such record.

Plaintiff, having taken his mortgage with full knowledge of Keating's mortgage, is not an encumbrancer in good faith.

*Gassner* v. *Patterson*, 23 Cal. 299, is not in point. As

the statute then stood (Stats. 1861, p. 197), it provided that no chattel mortgage should be valid (except as between the parties thereto), unless made, executed, and recorded according to the provisions of that act.

As the statute then stood, it might well be said that a chattel mortgage was a privilege to be secured only by a strict conformity to the act.

The code provisions, as to those chattels on which a mortgage is permitted, puts them, except as to certain specified conditions, on the same basis as mortgages upon real estate.

It matters not that plaintiff was a creditor, admitting that he is shown to have been such. He is here claiming as a subsequent encumbrancer only, and has no rights in this matter, unless he acquired them by his mortgage.

We advise that the judgment and order be affirmed.

Belcher, C., and Vanclief, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.