[S. F. No. 12197. Department Two.—January 27, 1928.]

A. K. KAHRIMAN, Appellant, v. W. F. JONES, Sheriff, etc., et al., Respondents.

Frank J. Solinsky, Edw. R. Solinsky and Edward Schary for Appellant.

Roy Fitzpatrick for Respondents.

LANGDON, J.—This is an appeal by the plaintiff from a judgment against him, after defendants' motion for a nonsuit had been granted, in an action in which plaintiff sought to recover from the defendants damages for alleged conversion of an automobile upon the theory that at the time of its seizure the plaintiff was the holder of a valid and subsisting chattel mortgage upon said property. ■ The purported chattel mortgage was offered in evidence and the only question presented upon the appeal is its sufficiency to meet the requirements of section 2956 of the Civil Code. It is admitted that the instrument was accompanied by the proper affidavit and acknowledged and recorded in like manner as a grant of real property, as required by section 2957 of the Civil Code.

Section 2956 of the Civil Code prescribes the form of a mortgage of personal property in this state and this form includes a description of the property mortgaged and a description of the debt for which the mortgage is given, specifying the amount of said debt, the date due, the amount of interest payable thereon; and, in the event the mortgage is given to secure the payment of a note, the form is to contain a description of said note. In the instant case the mortgage merely recited that it was given "as security for the payment of four promissory notes totaling $5,329.14 and also the repayment of all advances by the mortgagee or assigns to the mortgagor not exceeding the sum of $100, etc." This mortgage was dated March, 1920, and the notes which were introduced in evidence and asserted to be those secured by the mortgage were dated December, 1923, and recited that they were renewals of notes given during the years 1918 and 1919.

It thus appears that the mortgage on its face would give no notice to third persons as to the due date of the debt secured thereby.

The provisions of the Civil Code relating to chattel mortgages have been strictly construed by the courts, as, indeed, they should be, for those sections give a special right to a lien independent of possession, a situation unknown to the common law with relation to personal property. It was said in *Cardenas* v. *Miller*, 108 Cal. 250 [49 Am. St. Rep. 84, 41 Pac. 472]: "The latter (subsequent purchasers) are

protected against the prior unrecorded mortgage only when they take their conveyances 'in good faith and for value,' and, of course, they do not take them in good faith if they have actual notice of the prior mortgage. But not so as to creditors. . . . As to them, good faith is not made a condition, but such a mortgage is declared void without qualification. . . . The plain import of the statute is that nothing but a compliance with its terms will protect a mortgagee of chattels against creditors.''

To the same effect are the cases of *Ruggles* v. *Cannedy*, 127 Cal. 290 [46 L. R. A. 371, 53 Pac. 911, 59 Pac. 827]. In *Simpson* v. *Ferguson*, 112 Cal. 180 [53 Am. St. Rep. 201, 40 Pac. 104], it is said: ''It is sufficient for the purpose of this case to say, that, as against a subsequent mortgagee in good faith, a mortgage upon a growing crop must be executed with the formalities prescribed in the Civil Code, otherwise it is void as against him.''

To the same effect are the cases of *Bell* v. *Sage*, 60 Cal. App. 149 [212 Pac. 404], and *Hopper* v. *Keys*, 152 Cal. 493 [92 Pac. 1017]. In the latter case it was said: ''It must be conceded that the authority for the creation of chattel mortgages in this state derives its force from the statutory provisions relating to the subject and that all rights accruing by virtue of such mortgages can be protected and preserved only by fully meeting the requirements of the statute and strictly observing its provisions.''

The appellant relies solely upon the case of *Harms* v. *Silva*, 91 Cal. 636 [27 Pac. 1088]. That case presents a contest between two mortgagees and the question decided was as to whether a subsequent mortgagee, with notice of the rights of a prior encumbrancer, is an ''encumbrancer in good faith.'' The court states: ''Section 2956 provides a form with which such mortgages must substantially comply. Keating's mortgage does substantially comply with the prescribed form.'' The Keating mortgage was not set forth in the opinion, either in whole or in part, but appellant has printed a copy of it, obtained from the transcript in that case. From this it appears that in describing the debt secured by the mortgage the due date was omitted, as in the instant case. The date of the promissory note was given, however, and the rate of interest it bore, which details were not given in the instant case. It is clear that there was a

closer compliance with the statute in the case of *Harms* v. *Silva, supra,* than there was in the instant case and we do not feel that the rule of strict compliance, announced by the authorities herein cited, should be further relaxed. That rule has the advantage of certainty in its application and we think it is necessary to effect the purpose of the statute.

The judgment appealed from is affirmed.

Shenk, J., and Richards, J., concurred.