692

## In re FOX WEST COAST THEATRES.
### No. 20382.

District Court, S. D. California, Central Division.

July 15, 1933.

Bailie, Turner & Lake, of Los Angeles, Cal., for bankrupt.

O'Melveny, Tuller & Myers, of Los Angeles, Cal., for receiver.

JAMES, District Judge.

Proceeding to review an order of the referee in bankruptcy. The bankrupt held a lease on the Plaza Theatre in Hawthorne, acquired by assignment from the original lessee. It was the owner by purchase of the furniture and operating equipment of the theater which it had purchased from its predecessor under the lease. The lessor, Income Syndicate, Inc., held a chattel mortgage against the furniture and equipment which was in existence when the bankrupt took over the theater, and the bankrupt assumed full liability thereunder.

The trustee in bankruptcy, upon coming into possession of the bankrupt's property, disaffirmed the lease and claimed that no lien existed in favor of Income Syndicate, Inc., against the furniture and equipment of the theater. His contention was that as against him the chattel mortgage was void because: (1) The mortgage was not recorded within a reasonable time after the making thereof; (2) that the mortgage contained no sufficient description of the debt for which it was given, neither as to the amount thereof or the due date.

The referee determined that the chattel mortgage was void as to the trustee. Thereupon the Income Syndicate, Inc., filed its petition to have the order reviewed.

The certificate of the referee shows that he sustained objection 2, above, made by the trustee to the mortgage. I will assume therefore that his view as to the first point was favorable to the mortgagee. The review is limited to the question certified.

The chattel mortgage, after describing the personal property in general terms and as that used in connection with the operation of the Plaza Theatre, in the town of Hawthorne, county of Los Angeles, state of California, proceeded as follows:

"As security for the payment of the rent and the full and faithful performance of all promises by said mortgagor contained in the lease of the said premises occupied by the Plaza Theatre, made the 22nd day of September, 1929, by and between Income, Syndicate, Inc., a corporation, as lessor, and Pacific Coast Theatres, Inc., a corporation, as lessee."

Section 2956, Civil Code of California, sets out a form which chattel mortgages must correspond to. That form in its concluding part reads:

"That the mortgagor mortgages to the mortgagee (here describe the property), as security for the payment to him of ——— dollars, on (or before) the ——— day of ———, in the year ———, with interest thereon (or, as security for the payment of a note or obligation, describing it, etc.)."

In the chattel mortgage here considered no description is given of the obligation secured. Reference is made to the lease, the date of which is given. The term of the lease is not stated.

It is held by the California courts that the provisions of the law as to the contents of a chattel mortgage are applied strictly, and that the mortgagee must see that they are complied with at the penalty of loss of his security as against claims of creditors of the lessee. The case relied upon by the referee, Kahriman v. Jones, 203 Cal. 254, 263 P. 537, is in point. In that case the amount of the promissory notes for which security was given was that stated in the mortgage, but, because of the absence of a due date, the Supreme Court of California held the mortgage void as to an attaching creditor. The requirement of the statute is said to be for the purpose of enabling interested parties who may examine the recorded record to ascertain the particulars as to the debt of the mortgagor. From the record of the mortgage in question no information could be obtained as

to what the amounts of the obligations of the mortgagor were or when or under what conditions they might accrue. The requirements of the law might easily have been satisfied by a description of such obligations, or, as counsel for the trustee well says, by attaching a copy of the lease to the mortgage.

I think that the referee was right in his decision, and that his order should be confirmed and approved. It is so ordered. An exception is noted in favor of the Income Syndicate, Inc., petitioner on review.