## In re DAWSON.

### STATE FINANCE CO. v. DUNN.

#### No. 7095.

Circuit Court of Appeals, Ninth Circuit.
Sept. 6, 1933.

Goldman & Altman, of San Francisco, Cal., for appellant.

Carey & Gorfinkel, of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

On April 30, 1932, H. Ward Dawson was adjudicated a bankrupt in the District Court. Thereafter appellant filed with the referee in bankruptcy a petition in reclamation, setting forth that on April 13, 1932, the bankrupt borrowed from appellant the sum of $1,147; that on said date, as evidence of the loan, the bankrupt made, executed, and delivered to appellant his promissory note in the sum of $1,147; that on said date, simultaneously with the execution of the note and as security for the payment thereof, the bankrupt executed and delivered to appellant a chattel mortgage upon a certain Cadillac automobile; that the bankrupt had failed to make any payment upon said note; "that in accordance with the option contained in said chattel mortgage in the event of the failure to make payments when they become due, or in the event of the adjudication as a bankrupt of the mortgagor (bankrupt herein), your petitioner has elected to take possession of said automobile and to sell the same in accordance with the provisions of Paragraph 10 of said chattel mortgage;" and petitioner prayed for an order requiring the trustee in bankruptcy to pay to petitioner the amount of the promissory note executed by the bankrupt or an order directing the trustee to deliver to petitioner the said Cadillac automobile.

The referee in bankruptcy denied the petition in reclamation on the ground that the mortgage is void as against creditors of the mortgagor, for the reasons that (1) no copy of the promissory note is attached to the mortgage; (2) the mortgage fails to set forth the name of the maker of the note; (3) the mort-gage fails to set forth the due date of the note; and (4) the mortgage fails to set forth the interest rate of the note, as required by section 2956 of the Civil Code of California, the state wherein the mortgage was executed.

The District Court affirmed the order of the referee; followed by this appeal.

■■ Section 2956 of the Civil Code of California prescribes the form of a mortgage on personal property, which form includes a description of the property mortgaged and a description of the debt for which the mortgage is given, specifying the amount of the debt, the date due, the amount of interest payable thereon; and, in the event the mortgage is given to secure the payment of a note, the form is to contain a description of the note.

The mortgage in question, so far as material here, reads as follows:

"This chattel mortgage, made and executed this 13th day of April, 1932, by H. Ward Dawson, residing at 304 Hillside, Piedmont, California, mortgagor, and State Finance Company, a corporation, mortgagee, witnesseth:

"The said mortgagor hereby mortgages to the said mortgagee the following described automobile * * * as security for the payment of a promissory note of even date herewith, in the amount of Eleven Hundred Forty-Seven and/100 Dollars ($1,147.00)."

Appellant contends that section 2956 of the Civil Code does not require that a chattel mortgage set forth the due date of the note secured thereby, and further contends that "the mortgage which is before the court in the instant case, while not stating in so many words the names of the parties to the note, does clearly and definitely disclose the fact that the mortgagor was the maker of the note, and that the mortgagee was the payee." Appellant also insists that the requirements of section 2956 are not mandatory, and that the mortgage in suit substantially complies with the provisions of that section.

In Kahriman v. Jones, 203 Cal. 254, 263 P. 537, the Supreme Court of California held invalid a mortgage which did not set forth the due date of the notes executed therewith. It is there said:

"In the instant case the mortgage merely recited that it was given 'as security for the payment of four promissory notes totaling $5,329.14, and also the repayment of all advances by the mortgagee or assigns to the mortgagor not exceeding the sum of $100,' etc. This mortgage was dated March, 1920, and the notes which were introduced in evidence and

asserted to be those secured by the mortgage were dated December, 1923, and recited that they were renewals of notes given during the years 1918 and 1919.

"It thus appears that the mortgage on its face would give no notice to third persons as to the due date of the debt secured thereby."

In the light of that decision, and in view of the binding effect on this court of a decision by a state Supreme Court construing its own statute [National Liberty Ins. Co. v. Milligan, 10 F.(2d) 483], we cannot uphold appellant's contention that section 2956 does not require that a chattel mortgage set forth the due date of the note secured thereby; and accordingly it cannot be said that the mortgage here involved complies substantially with the provisions of the section.

The order of the District Court approving the order of the referee in bankruptcy is therefore affirmed.