[Civ. No. 5059. Third Appellate District.—October 24, 1934.]

DAVID F. BUSH et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Vernon F. Gant for Appellants.

T. B. Scott, Louis Ferrari, T. J. Bricca and W. E. Johnson for Respondent.

THOMPSON, J.—This is an appeal from a judgment which was rendered against the plaintiffs in an action for the alleged conversion of two automobiles. It is claimed the defendant's mortgage on the machines is void for failure to record it with the department of motor vehicles as required by section 45¼ of the California Vehicle Act.

It appears without conflict of evidence that on February 21, 1932, T. S. and Homer S. Pendergrass executed and delivered to the defendant their chattel mortgage on certain personal property, including the two automobiles which are involved in this suit, to secure the payment of a debt of $30,000 which the mortgagors owed to the banking association. This mortgage conformed to the provisions of section 2957 of the Civil Code. It was promptly recorded in the office of the county recorder of Stanislaus County. But it was not recorded with the department of motor vehicles of the state of California as required by section 45¼ of the California Vehicle Act. It is conceded the plaintiffs examined this mortgage as it was disclosed by the public record thereof, and knew of its existence and purport. For failure to pay the debt pursuant to the terms of the mortgage the bank took· possession of the automobiles and sold them on foreclosure of the mortgage, applying the proceeds therefrom to the satisfaction of the debt.

After the plaintiffs secured actual knowledge of the defendant's mortgage, for value received, T. S. and Homer S. Pendergrass executed and delivered to them their promissory note for $5,000, together with their chattel mortgage on

the two automobiles hereinbefore mentioned. This second chattel mortgage conforms to the provisions of section 2957 of the Civil Code, and it was duly recorded. The plaintiffs also promptly filed with the department of motor vehicles, as required by section 45¼ of the California Vehicle Act, a certified copy of their chattel mortgage.

After the defendant's foreclosure and sale of the automobiles, plaintiffs demanded payment of the value of the machines on the theory that the defendant's chattel mortgage was void for failure to conform to the provisions of section 45¼ of the California Vehicle Act. The demand for payment was refused. This suit for conversion was then instituted. The cause was tried by the court sitting without a jury. Findings were adopted by the court favorable to the defendant. A judgment was rendered accordingly. From that judgment the plaintiffs have appealed.

We are of the opinion the defendant's failure to conform to the provisions of section 45¼ of the California Vehicle Act by recording a certified copy of their chattel mortgage with the department of motor vehicles of the state of California does not affect the validity of their mortgage under the circumstances of this case as against the plaintiffs for the reason that the plaintiffs were subsequent mortgagees of the automobiles with full knowledge of the defendant's previous mortgage, and that plaintiffs therefore were not in good faith in accepting their subsequent mortgage. The plaintiffs' mortgage is subject to the known prior interest of the defendant. (*Silverthorn & Sons* v. *Pacific Finance Corp.*, 133 Cal. App. 163 [23 Pac. (2d) 798].)

Section 2957 of the Civil Code provides that:

"A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property *in good faith and for value*, unless:

"1. It is accompanied by the affidavit of all the parties thereto that it is made in good faith and without any design to hinder, delay, or defraud creditors;

"2. It is acknowledged or proved, certified, and recorded in like manner as grants of real property."

Section 45¼ of the California Vehicle Act, which was passed by the legislature subsequent to the enactment of section 2957 of the Civil Code, modifies the provisions of the

last-mentioned section with respect, only, to the *"recording of mortgages on personal property"*. Its provisions are otherwise in full force and effect. Section 45¼ of the California Vehicle Act provides, in part:

"(a) No chattel mortgage on a motor vehicle or any other vehicle defined in this act, shall be valid as against creditors or subsequent encumbrancers until the mortgagee therein named is registered as the legal owner thereof in the manner provided for the registration of motor vehicles under the provisions of this act.

"(b) A chattel mortgage on a motor vehicle, or any other vehicle defined by this act, is hereby excepted from the provisions of . . . section 2957 of the Civil Code which relate to the recording of mortgages on personal property."

Since the preceding section of the California Vehicle Act is specifically designated therein to have been enacted for the purpose of furnishing "constructive notice of the said mortgage and its contents *to subsequent purchasers and encumbrancers"*, it may be reasonably construed to mean that a mortgage is void when it is not recorded with the department of motor vehicles as therein provided, "as against creditors or subsequent purchasers or encumbrancers", who have acquired their interest in the automobile *in good faith for value* and without previous knowledge of the former defective mortgage. It would be contrary to justice and equity and public policy to forfeit a chattel mortgage and defeat the lien for the payment of a valid debt for the mere failure to conform to a statute requiring a copy of the mortgage to be recorded in the department of motor vehicles so as to give adequate notice thereof, when the subsequent mortgagee previously had full knowledge of the existence and contents of the previous mortgage. To hold that the mortgage is void under such circumstances is in direct conflict with the declared purpose of the act which is to furnish "constructive notice of the said mortgage and its contents to subsequent purchasers and encumbrancers."

The motor vehicle provision above referred to was adopted for the avowed purpose of furnishing notice of the existence of a mortgage and its contents to subsequent purchasers and encumbrancers, by adding to the notice required by section 2957 of the Civil Code a further notice afforded by recording a certified copy thereof with the department of

motor vehicles. There is nothing in the California Vehicle Act to indicate that the legislature intended to dispense with that portion of section 2957 of the Civil Code which renders a chattel mortgage on vehicles void except as against a subsequent purchaser or encumbrancer of the property who does not acquire it ''in good faith and for value''. Nor does the reference to the general title of the California Vehicle Act, which title declares that it is ''An Act regulating traffic on streets and highways and to regulate the use and operation of vehicles . . . and to repeal all acts or parts of acts in conflict with this act,'' aid the appellants. The just and equitable requirement of section 2957 of the Civil Code that a subsequent purchaser or encumbrancer of an automobile must have been in good faith in order to defeat a previous mortgage because of lack of notice thereof, is not in conflict with section 45¼ of the California Vehicle Act. These acts may be reasonably construed together so as to support both of them as hereinbefore suggested.

The foreclosure of a chattel mortgage is an equitable proceeding. The term ''good faith'' as it is employed in section 2957 of the Civil Code is borrowed from equity jurisprudence and must be construed accordingly. (*Cardenas* v. *Miller*, 108 Cal. 250, 257 [39 Pac. 783, 41 Pac. 472, 49 Am. St. Rep. 84].) Our courts have frequently held that an unrecorded mortgage is not void as against a subsequent purchaser or encumbrancer who has actual knowledge of the previous lien for the reason that he does not acquire his interest in good faith. (*Harms* v. *Silva*, 91 Cal. 636 [27 Pac. 1088]; *Silverthorn & Sons* v. *Pacific Finance Corp.*, *supra; Cardenas* v. *Miller, supra; Kahriman* v. *Jones*, 203 Cal. 254 [263 Pac. 537]; Jones on Chattel Mortgages, 4th ed., p. 342, sec. 312.) The author of that text on chattel mortgages last cited, says that, as an equitable principle:

''Notice to a subsequent purchaser or mortgagee of an unrecorded mortgage before the completion of the sale or mortgage is conclusive evidence of *mala fides* on his part, so that his title will be subject to the equitable rights of the holder of such unrecorded mortgage.

''Under this rule it does not matter that the prior mortgage of which there is actual notice is defective and voidable as to *bona fide* purchasers. The notice charges the subsequent purchaser with knowledge of all the facts at that time

existing relative to the mortgage, and he stands at best in no better position than his vendor.''

It follows that since the plaintiffs had actual knowledge of the existence and contents of defendant's chattel mortgage on the two automobiles at the time they received the subsequent note and mortgage thereon, their claim is subject to the superior title of the defendant, and an action for conversion on the part of plaintiffs under such circumstances does not lie.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.