## SCHAEFFER v. CASEY.

No. 7641.

Circuit Court of Appeals, Ninth Circuit.
May 20, 1935.

Craig & Weller, Thomas S. Tobin, and J. P. Keleher, all of Los Angeles, Cal., for appellant.

Matot, Stafford, Smith & Farrar and Kenneth E. Matot, all of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court in bankruptcy approv-ing an order of the referee which sus-tained the validity of a chattel mortgage. The jurisdiction of the court was invoked by a petition by the trustee to have the mortgage declared null and void, and also by the mortgagee's petition in reclamation for the mortgaged property. The validity of the chattel mortgage was attacked by the trustee on the ground that it did not sufficiently describe the indebtedness se-cured thereby as required by sections 2956 and 2957 of the Civil Code of California[1] as construed by the Supreme Court of the state of California in Kahriman v. Jones, 203 Cal. 254, 263 P. 537. The promissory note executed by the bankrupt mortgagor for a loan of $750 was in the usual form. A copy of the note set out in the original chattel mortgage which was certified by the recorder as having been recorded by him contained what purported to be a copy of the promissory note. It conformed to the note actually executed contemporane-ously with the mortgage, with the exception that it stated, "principal and interest pay-able in gold coin of the United States," whereas the promissory note separately but contemporaneously executed provided "principal and interest payable in lawful money of the United States," also by in-advertence, as the testimony shows, the mortgagee appears to have signed the copy of the note in the mortgage instead of the affidavit attached thereto as intended. A certified copy of the recorded mortgage was introduced in evidence, from which it appears that the name of the payee of the note was not incorporated in the copy of the promissory note in the chattel mort-gage, but the space for the payee's name was left blank, so that instead of provid-ing, as does the original note and also the copy contained in the original chattel mort-gage, that the promise was to pay Ed-mond Casey, it reads, "I promise to pay to

---

[1] Cal. Civ. Code, § 2956: "Form of per-sonal property mortgage. A mortgage of personal property may be made in sub-stantially the following form:

"This mortgage, made the —— day of ——, in the year ——, by A. B., of ——, by occupation a ——, mortgagor, to C. D., of ——, by occupation a ——, mortgagee, witnesseth:

"That the mortgagor mortgages to the mortgagee [here describe the property], as security for the payment to him of —— dollars, on [or before] the —— day of ——, in the year ——, with in-terest thereon [or, as security for the payment of a note or obligation, describ-ing it, etc.] A. B.

"§ 2957. When void as to third persons. A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless:

"1. It is accompanied by the affidavit of all the parties thereto that it is made in good faith and without any design to hin-der, delay, or defraud creditors;

"2. It is acknowledged or proved, certi-fied, and recorded in like manner as grants of real property."

810

—— or order." In view of the fact that the mortgagee was in fact the payee of the note and that the chattel mortgage provided that it was given "as security for the payment to the said mortgagee of $750 gold coin of the United States with interest at the rate of eight per cent per annum, according to the terms and conditions of one certain promissory note of even date herewith, and in words and figures following, to-wit" (here follows the note); no one could be misled by the obvious mistake which resulted in the name of the mortgagee appearing as cosigner of the note, nor by the failure to insert the name of the payee in the copy of the note contained in the mortgage, if there was such failure.

▮ The appellant also relies upon the fact that the original note was payable in lawful money of the United States, and that the purported copy thereof in the mortgage was payable in gold coin. This discrepancy was not called to the attention of the District Judge by the assignments of error in the petition for review, and for that reason need not be considered by us. 8 Rem. on Bankruptcy, §§ 3671, 3863. The decision of the Supreme Court of California in Kahriman v. Jones, 203 Cal. 254, 263 P. 537, supra, does not sustain appellant's position. The description of the mortgage indebtedness contained in the recorded chattel mortgage sufficiently complied with the provisions of the California Civil Code.

Order affirmed.

