[Civ. No. 5664. Fourth Dist. Mar. 30, 1959.]

EMBREE URANIUM COMPANY (a Limited Partnership), Appellant, v. FRANK LIEBEL et al., Defendants; PAULINE M. McNALLY et al., Claimants and Respondents.

Di Giorgio & Davis for Appellant.

Mack, Bianco, King & Eyherabide for Respondents.

SHEPARD, J.—Plaintiff here recovered a judgment for $40,000 against defendant (appeal decided by this court May 26, 1958 [160 Cal.App.2d 827 (325 P.2d 516)]). Under said judgment, execution was levied by the sheriff on a 1955 Mercury sedan automobile and on a 1955 Ford sedan automobile. Respondent Pauline M. McNally filed with the sheriff her third party claim alleging a prior right under a chattel mortgage on the Mercury. Respondent Thomas B. Washburn filed with the sheriff his third party claim alleging a prior right under another chattel mortgage.

The chattel mortgage alleged by McNally is in the form of a promissory note dated March 17, 1956. After the usual promissory note terminology and on the lower left-hand corner of the same paper is contained the following words:

```
 '')stock feed
 (cash
 "Note: for, money & value
 on 1955 Merc
 Engine #55LA10553M
 License 2 U 48896."
```

That the certificate of registration of the automobile described on the face of the note was duly deposited with the

Department of Motor Vehicles, and that a certificate of ownership was issued showing McNally as legal owner in accordance with the provisions of sections 195-198 of the Vehicle Code, is not in dispute.

The chattel mortgage alleged by Washburn is also in the form of a promissory note, dated March 15, 1956, and it also, following the ordinary words of a promissory note, contains the following sentence:

"This note is payable on demand and is secured by Ford Fairlane Town Sedan, Eng. #45RT116643 Lic FDJ 909."

In the case of the Washburn chattel mortgage also there is no dispute that the certificate of ownership was duly deposited with the Department of Motor Vehicles, and Washburn was also duly registered as the legal owner of the automobile herein last above described.

The trial court found for the third party claimants and against plaintiff on each of the third party claims, and plaintiff appeals from the judgments entered pursuant thereto.

Respondents contend that appellant had no right of appeal because the statute relating to trial of third party claims (Code Civ. Proc., § 689b) says that the "judgment determining the validity of the claim . . . shall be conclusive between the claimant and the plaintiff." Neither party cites any precedent from a court of last resort interpreting this phase of the section. Nor have we been able by our own research to discover any.

The provision of said section 689b respecting summary trial of third party claims thereunder was inserted in substantially the form in which it now appears at the time said section 689b was rewritten by the Legislature in 1953. Section 963 of the Code of Civil Procedure provides that:

"An appeal may be taken . . .

"1. From a final judgment entered in an action, or special proceeding, . . .

"2. . . . from any special order made after final judgment. . . ."

In our view, this was an order directly bearing on and affecting the enforcement of the judgment. (*Kaufman* v. *Brown,* 106 Cal.App.2d 686, 689 [2] [235 P.2d 632] ; *Lande* v. *Southern Calif. Freight Lines,* 78 Cal.App.2d 417, 419 [1] [177 P.2d 936].) We are satisfied that the legislative purpose in the use of the words "shall be conclusive between the claimant and the plaintiff" was to lend to this order the dignity of a judgment, which, when final, would be conclusive as between

the contending title claimants, and would enable the successful party receiving such judgment to set up the plea of res judicata to any new action on that particular matter. Cutting off an appeal on matters of this kind would, in many instances, have exceedingly serious consequences for either plaintiff or claimant, and it is our opinion that had the Legislature entertained any such intention it would have said so in direct terms. The Legislature uses the term "judgment" in describing this procedure. It is our opinion that an appeal does lie from such a judgment, and that it is perfectly reasonable to rest the authority therefore on the words "from a final judgment entered in an action, or special proceeding."

 Appellant contends on this appeal that the alleged chattel mortgages are invalid because there was insufficient compliance with the provisions of Civil Code, section 2956, relating to form and that, therefore, the contended mortgage is void as against creditors and in particular as against plaintiff's execution levied herein.

Respondents contend that the enactment of Vehicle Code, sections 195 to 198, as they now appear, provide an exclusive method of giving constructive notice of the existence of a chattel mortgage; that since Vehicle Code, section 198, provides that the execution of such chattel mortgages need not be acknowledged, proved or certified, and explicitly excepts such chattel mortgages from the provisions of Civil Code, sections 2957, 2959a, 2965 and 2966, Civil Code, section 2956, is a mere directory expression as to chattel mortgages on motor vehicles. Respondents further call attention, in this connection, to the fact that there are no longer any penalty provisions or statements of invalidity connected with the forms set up in said section 2956, as far as motor vehicles are concerned.

Appellant cites, in support of its contention that Civil Code, section 2956, should be applied in literal and strict form and that failure to comply therewith invalidates any attempted chattel mortgage as against creditors, such cases as *Cardenas* v. *Miller*, 108 Cal. 250 [39 P. 783, 41 P. 472, 49 Am.St.Rep. 84] (holding an unrecorded chattel mortgage invalid against creditors and that the term "good faith" does not apply to creditors); *Kahriman* v. *Jones*, 203 Cal. 254 [263 P. 537] (holding that the then legislative intent required strict construction and ruling invalid a chattel mortgage lacking due dates), while respondents cite in support of their contention for a rule of substantial compliance such cases as *Bush* v. *Bank of America*, 1 Cal.App.2d 588 [37 P.2d 168] (ruling that a

defective compliance with chattel mortgage procedure is nevertheless sufficient as against subsequent encumbrances with actual knowledge) and *Pacific States S. & L. Co.* v. *Strobeck,* 139 Cal.App. 427 [33 P.2d 1063] (ruling that a chattel mortgage otherwise sufficient is not vitiated by the lack of a date nor because it is in form an assignment or bill of sale).

These and other authorities are of little value in the face of statutory changes that have occurred since they were rendered. Vehicle Code, section 198, as amended in 1951, reads as follows:

"The method provided in this chapter for giving constructive notice of a chattel mortgage on a vehicle registered hereunder is exclusive, the execution of such chattel mortgage need not be acknowledged or proved and certified, and any such chattel mortgage is excepted from the provisions of Sections 2957, 2959a, 2965 and 2966 of the Civil Code."

In *Pacific States S. & L. Co.* v. *Strobeck, supra,* the court said: "Generally speaking, statutory requirements are substantially complied with when everything prescribed by them which can affect substantial rights has been complied with," cited with approval in *Crofts & Anderson* v. *H. L. Petersen Const. Co.,* 130 Cal.App.2d 790, 793 [279 P.2d 828].

The need for acknowledgment, proof and certification has been dispensed with by said Vehicle Code, section 198. Civil Code, section 2956, has by its latest amendment eliminated the necessity for interest rates and due dates. The new method of registration under said Vehicle Code, section 198, is now the sole method of giving constructive notice. From an examination of the two documents involved in each case, to wit, the note with its appended information and the certificate of registration with the Motor Vehicle Department, the whole intent of mortgage security of the indebtedness evidenced by each note is perfectly apparent with the names of the mortgagors, the names of the mortgagees and the date of the mortgage, the amount of the indebtedness, the identity of the property given as security, and the fact that it is given as security. Since the registration of the vehicle is now an integral part of the process of giving notice to the world of the existence of a chattel mortgage, it is our opinion that both documents must be looked to for the sum total of the information required.

Civil Code, section 3440, makes no requirement whatever as to form. It merely refers to "mortgages allowed by law."

If the mortgage follows the procedure set up by law it is sufficient under said section 3440.

Of course, the question of actual good faith by the mortgagor and mortgagee was one of fact for the trial court. Since no findings are required in the summary proceedings here involved we are compelled to assume that the trial court made all findings necessary to support its judgment and that, therefore, it found that all of the acts of the third party claimants in the acquisition of the mortgage and transfer of title were done in good faith.

If there be need for restoration of any of the former protections to creditors or subsequent encumbrancers, such as affidavits of good faith, local recordation, due dates, interest or other details, such matters are for legislative and not judicial consideration.

The judgments are affirmed.

Griffin, P. J., and Mussell, J., concurred.