284 F.2d 93
 Walter J. HEMPY, Trustee of the Estates of the Lee Company, a copartnership, composed of Yuen Lee and Kai G. Lee, and Yuen Lee and Kai G. Lee, as individuals, Bankrupts, Appellants,
v.
BANK OF TOKYO OF CALIFORNIA, Appellee.
 No. 16867.
 United States Court of Appeals Ninth Circuit.
 November 9, 1960.
 
 James M. Conners, Vernon D. Stokes, San Francisco, Cal., for appellant.
 Joseph H. Inglese, San Francisco, Cal., for appellee.
 Before CHAMBERS, POPE and JERTBERG, Circuit Judges.
 PER CURIAM.
 
 
 1
 In loaning the now bankrupt Lee company in excess of $7,000, the Bank of Tokyo took as security two passenger cars and one light truck belonging to the debtor. The vehicles, by the terms of the note, were "assign[ed], transfer[red] and deliver[ed]" to the bank. The debtor retained possession of the cars and truck. Promptly after the pledge was made, the Department of Motor Vehicles of the state of California issued certificates of ownership, each reciting that the bank was the legal owner and the debtor-partnership was the registered owner.
 
 
 2
 There was no compliance by the debtor or creditor with Section 2956[1] of the Civil Code of California, but the pattern followed did comply with Sections 195-198[2] of California's Vehicle Code.*
 
 
 3
 Appellant makes an argument, with considerable logical merit, that the Vehicle Code does not exempt a lien on an automobile from Section 2956 of the Civil Code. If such be true, the referee in holding against the validity of the lien was correct. However, the district court on the authority of Embree Uranium Co. v. Liebel, 169 Cal.App.2d 256, 337 P.2d 159, on review, reversed the referee.
 
 
 4
 The Embree case is squarely in point. But it is from a California intermediate appellate court. We have examined the cases of the California Supreme Court upon which appellant relies. In our judgment, they do not reach the point here involved. We cannot warrant our opinion, but our best appraisal of the situation is that the California Supreme Court would follow Embree in holding that the Motor Vehicle Code set up a complete plan for establishing a lien on motor vehicles and that the plan by implication excluded the application of Section 2956 of the Civil Code. Therefore, we must sustain the district court's decision here.
 
 
 5
 The order appealed from is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Section 2956 of the Civil Code of California provides as follows:
 "A mortgage of personal property or crops shall be clearly entitled on the face thereof, apart from and preceding all other terms of the mortgage, to be a mortgage of crops and chattels, or either, and such mortgage may otherwise be made in substantially the following form:
 "This mortgage, made the ____ day of ____ in the year ____, by AB, of ____, mortgagor to CD, of ____, mortgagee, witnesseth:
 "This the mortgagor mortgages to the mortgagee (here describe the property), as security for the payment to him of ____ dollars, on (or before) the ____ day of ____, in the year ____, (or, as security for the payment of a note or obligation, describing it, etc.) AB.
 "No mortgage of personal property or crops shall be invalid for any purpose by reason of the omission to state therein the interest rate or the due date or due dates of the obligation or obligations secured thereby."
 
 
 [2]
 Sections 195, 196 and 198 of the Vehicle Code of California in pertinent part provide as follows:
 "Vehicle Code, section 195. Validity of chattel mortgage; deposit of certificate or application; time
 "Chattel Mortgagee to Appear as Legal Owner. No chattel mortgage on any vehicle * * * is valid as against creditors or subsequent purchasers or encumbrances until the mortgagee or his successor or assignee has deposited with the department, at its office in Sacramento, or at any other office as may be designated by the director, a properly endorsed certificate of ownership to the vehicle subject to said mortgage showing the chattel mortgagee as legal owner * * *"
 "Vehicle Code section 196. Deposit as constructive notice
 "Registration Effective to Give Notice. When the chattel mortgagee, his successor or assignee, has deposited with the department a properly endorsed certificate of ownership showing the mortgagee as legal owner or an application in usual form for an original registration, together with an application for registration of said chattel mortgagee as legal owner, such deposit constitutes constructive notice of said mortgage to creditors and subsequent purchasers and encumbrances * * *".
 "Vehicle Code section 198. Exclusive method of giving notice; execution of chattel mortgage; inapplicability of Civil Code.
 "The method provided in this chapter for giving constructive notice of a chattel mortgage on a vehicle registered hereunder is exclusive, the execution of such chattel mortgage need not be acknowledged or proved and certified, and any such chattel mortgage is excepted from the provisions of Sections 2957, 2959a, 2965 and 2966 of the Civil Code."
 
 
 *
 Now §§ 6300-6303