[Civ. No. 48911. Second Dist., Div. Three. Nov. 24, 1976.]

*COMMERCIAL AND FARMERS NATIONAL BANK,
Plaintiff, v.
H. MORGAN HETRICK, Defendant and Appellant;
PARIS JET, INC., Third Party Claimant and Respondent.

*Reporter's Note: This case was previously entitled "Hetrick v. Paris Jet, Inc."

**COUNSEL**

Bernard Meyerson for Defendant and Appellant.

Kelly & Bleuel and Michael J. Kelly for Third Party Claimant and Respondent.

**OPINION**

**FORD, P. J.**—Appellant H. Morgan Hetrick (hereinafter Hetrick) appeals from "the judgment on the petition in the matter of the third party claim filed by PARIS JET, INC., entered on 15 January 1976."

A knowledge of the background of the litigation is necessary to an understanding of the proceedings here. With respect to the underlying action, plaintiff Commercial & Farmers National Bank (hereinafter Bank) brought suit on a note naming Hetrick and Paris Jet, Inc. (hereinafter PJI) as defendants. Thereafter Bank secured a writ of attachment and levied on the purported interests of defendants PJI and Hetrick in and to certain personal property, specifically 17 pieces of equipment. On October 7, 1975, PJI secured an order from the trial court discharging the writ of attachment "[a]s between plaintiff [Bank] and defendant, PARIS JET, INC." The October 7, 1975, order provided as follows: "Pursuant to stipulation . . . [the 17 items of equipment] may be released to PARIS JET, INC. forthwith upon the posting of a bond or undertaking with the Marshal or levying officer in the amount of $22,000.00 in the favor of both plaintiff herein and defendant, W. MORGAN HETRICK, it being contemplated that the rights of defendants, PARIS JET, INC. and W. MORGAN HETRICK in the below listed personal property will be determined by a Third Party Claim procedure to be filed by PARIS JET, INC."

Thereafter, on October 28, 1975, PJI petitioned the trial court for a "Hearing in the nature of a Third Party Claim (CCP §§ 549, 689)." In his opposition to PJI's petition Hetrick asserted, among other contentions, that PJI, as a defendant in the main action, had "no standing to bring an action under Code of Civil Procedure section 689 as a third party claimant" and that he, Hetrick, was in fact the owner of the equipment in question.

In his declaration filed in opposition to PJI's petition, Hetrick stated in part as follows: "4. I have already appeared once in a court proceeding and proved my ownership of the property listed in Petitioner's Order to Show Cause. In the proceeding in which I previously appeared (*Travel Enterprises, Inc.* v. *Aviation Research Corporation,* Ventura County Superior Court No. 58249), the plaintiff had obtained a judgment by default against Aviation Research Corporation and had executed on the property listed in Petitioner's Order to Show Cause. Although Aviation Research Corporation is wholly owned by Paris Jet, Inc., neither Paris Jet, Inc., nor Aviation Research Corporation moved to oppose Travel's execution on the property. The foregoing was true albeit that Paris Jet, Inc., had actual knowledge of the execution in that its officers and directors in a large part were the same as Aviation Research Corporation's and its business operations were conducted on the same premises wherein the personal property listed in the petition was located and wherein it was executed on. I filed a third party claim in that action, appeared at a hearing, proved ownership to the property listed in petitioner's Order to Show Cause and was given an order which provided that I was the owner of the property listed in petitioner's Order to Show cause and that the Ventura County marshal was required to release the property to me. A copy of said order is attached hereto as Exhibit 'C'. [1]

[1]The copy of the order of the Superior Court of Ventura County dated July 11, 1975, which is attached to Hetrick's declaration is· as follows: "The petition of plaintiff TRAVEL ENTERPRISES, INC., judgment creditor herein, for an order determining title to the personal property levied on herein under writ of execution issued in the above entitled action, on notice duly given, came on regularly for hearing before the Court on June 27, 1975, and on July 11, 1975. Edwin L. Laing appeared as counsel for plaintiff and Bruce D. Bringgold appeared as counsel for the third party claimant, W. Morgan Hetrick. [¶] Evidence was received, and good cause appearing therefor, [¶] IT IS ADJUDGED that title to the following described property is, and at the time it was levied on under the above mentioned writ of execution was vested in W. MORGAN HETRICK, the third party claimant: . . . [Listed in the order are the 17 items of equipment involved in the third party claim proceeding presently before this court.] [¶] IT IS ORDERED that the Marshal, County of Ventura, State of California, release said property in levy and place it in the possession of the third party claimant, W. MORGAN HETRICK. [¶] Dated: July 11, 1975."

[¶] 5. On July 14, 1975, with the above-described court order in hand, I, along with representatives from the Ventura County Marshal's Office, went to the premises of Paris Jet, Inc., and Aviation Research Corporation to claim and receive my property, to wit, the personal property listed in Petitioner's Order to Show Cause. Before we could completely remove the property from the premises, Commercial and Farmers National Bank served upon us a Writ of Attachment under which the personal property listed in Petitioner's Order to Show Cause is now held. [¶] 6. If the court herein should release said property from the Writ of Attachment by which it is now held, it would necessarily have to release the property to me since I am the lawful owner thereof and have a court order which requires that the property be released to me. [¶] 7. I have already commenced a lawsuit with this court (*Hetrick v. Graves,* Case No. 58674) wherein Paris Jet, Inc., and Aviation Research Corporation have appeared as party defendants and wherein my first cause of action is for claim and delivery of the property listed in Petitioner's Order to Show Cause."

A hearing was held on PJI's alleged third party claim pursuant to Code of Civil Procedure sections 549 and 689, at which evidence, both oral and documentary, was presented by PJI and Hetrick. Thereafter the trial rendered its "Judgment of [*sic*] Petition in the Nature of a Third Party Claim" wherein the trial court stated its decision as follows: "IT IS ORDERED, ADJUDGED AND DECREED that the petition and claim of PARIS JET, INC., a Nevada Corporation to have title to certain personal property be determined to belong to it, and not W. MORGAN HETRICK, is hereby sustained establishing title in the property described in the petition filed by PARIS JET, INC. [¶] The bond posted by PARIS JET, INC. in favor of W. MORGAN HETRICK and FARMERS NATIONAL BANK is hereby exonerated."

On this appeal[2] Hetrick does not purport to attack the sufficiency of the evidence with respect to the trial court's determination concerning title to the equipment. Rather, Hetrick asserts initially that PJI "did not have standing to petition as a third party claimant" because it was named, served and appeared as a defendant in the main action. While PJI argues the merits of this contention in its reply brief, it also asserts

---

[2]The judgment in a third party claim proceeding pursuant to Code of Civil Procedure section 689 is appealable as a final judgment in a special proceeding. (Code Civ. Proc., § 904.1; *Dingwall v. Anderson,* 271 Cal.App.2d 658, 661 [76 Cal.Rptr. 827]; *Sherwood v. Cornfield,* 216 Cal.App.2d 364, 367, fn. 1 [31 Cal.Rptr. 264]; *Embree Uranium Co. v. Liebel,* 169 Cal.App.2d 256, 258 [337 P.2d 159].)

that Hetrick stipulated to the procedure that was followed in the trial court. Thus it is stated by PJI as follows: "Hetrick, through his attorney, stipulated, as reflected in the court's order of October 7, 1975, that PJI may take possession of the property upon two conditions, which were thereafter incorporated in the court's order: (a) PJI post an undertaking in the sum of $22,000.00. (b) PJI cause a petition in the nature of a Third Party Claim to be filed so that the respective property rights of PJI and appellant could be promptly determined."

While the order to which reference is made speaks of a "stipulation," the precise content of that stipulation does not appear in the record nor is there any indication as to who were the parties to such stipulation. Furthermore, we note that in his response to PJI's petition filed after the October 7 order, Hetrick raised the issue of the propriety of the procedure and that just prior to the hearing on PJI's petition counsel for Hetrick argued to the trial court that PJI could not maintain the third party claim procedure because PJI was a second party to the suit and because there was another action pending between the same parties concerning the same issues. ■ There is no support in the record for PJI's contention that Hetrick stipulated to the use of the third party claim procedure.

We turn then to a consideration of Hetrick's contentions respecting the propriety of the trial court's action in entertaining PJI's petition for a "hearing in the nature of a third party claim" pursuant to Code of Civil Procedure sections 549 and 689.[3] Section 549 (now § 488.090), which was in effect at the time of these proceedings, provided as follows: "In cases where a third person claims, as his property, any personal property attached, the rules and proceedings applicable in cases of third party claims after levy under execution shall apply." Section 689 sets forth the rules and procedures applicable to third party claims after levy under execution. Each of these code provisions deals with third party claims and no specific provision is made for the settlement of disputes as between codefendants respecting title to attached property. ■ We do not perceive, as apparently the Legislature did not, any reason for allowing two codefendants to contest, as between themselves, the question of title to property in the middle of attachment proceedings prior to judgment.

---

[3]All code references hereinafter are to the Code of Civil Procedure unless otherwise specified.

As was said in *National General Corp.* v. *Dutch Inns of America, Inc.,* 15 Cal.App.3d 490, at page 495 [93 Cal.Rptr. 343]: "The basic purpose of the remedy of attachment, embodied in section 537, is to aid in the collection of a money demand by seizure of property in advance of trial and judgment, as security for eventual satisfaction of the judgment." (See *Randone* v. *Appellate Department,* 5 Cal.3d 536, 555 [96 Cal.Rptr. 709, 488 P.2d 13]; *American Ind. Sales Corp.* v. *Airscope, Inc.,* 44 Cal.2d 393, 398 [282 P.2d 504, 49 A.L.R.2d 1344]; *Schneider* v. *Zoeller,* 175 Cal.App.2d 354, 358 [346 P.2d 515].)

■ A levy of attachment does not change the title to the attached property, even though as in the case of personalty, it may be taken from the possession and control of the defendant. Still, the general property remains in the defendant and the attaching creditor acquires no title to the property by means of his attachment. (*Imperial Metal Finishing Co.* v. *Luminous Ceilings West, Inc.,* 270 Cal.App.2d 390, 394 [75 Cal.Rptr. 661]; *United States Overseas Airlines* v. *County of Alameda,* 235 Cal.App.2d 348, 352 [45 Cal.Rptr. 337]; 7 C.J.S. § 240, p. 415.) ■ Furthermore, the attachment lien covers only the actual interest of the debtor in the property existing at the time of the levy. (*Kinnison* v. *Guaranty Liquidating Corp.,* 18 Cal.2d 256, 259-260 [115 P.2d 450]; *A.F.C., Inc.* v. *Brockett,* 257 Cal.App.2d 40, 44 [64 Cal.Rptr. 771]; *Motor Acceptance Co., Inc.* v. *Finn,* 124 Cal.App. 766, 769 [13 P.2d 761].)

In the case presently before us, Bank had a claim against PJI and Hetrick. ■ As long as the action is one in which attachment is proper (§§ 537, 537.1) and as long as both defendants are of the kind subject to attachment (§ 537.2), the attachment is proper as to each and the issue of ownership of the attached property as between the two defendants is irrelevant with respect to the attachment proceedings. This, of course, is not true as to the ownership claim of a third party to property subject to an attachment. In such a case the plaintiff has no claim against the third person which would support attachment of the third person's property, and in such circumstances the attachment itself is improper if the third person proves his claim. Accordingly, the Legislature has provided that the third party claim procedure be available to third persons whose personal property has been attached so that an immediate determination respecting title to the property can be made.

■ Attachment procedures are purely a creation of statute and it has been held that such statutes are subject to strict construction. (*Arcturus Mfg. Corp.* v. *Superior Court,* 223 Cal.App.2d 187, 190 [35 Cal.Rptr. 502]; *Superior Collectors, Inc.* v. *Puro,* 162 Cal.App.2d 30, 31 [327 P.2d 185]; *Hougham* v. *Rowland,* 33 Cal.App.2d 11, 17 [90 P.2d 860].) Section 549 specifically allows the third party claim procedures (§ 689 et seq.) "where a third person claims, as his property, any personal property attached." ■ There is no statutory authorization for the use of third party claim procedures by named defendants in an action. Nor do we perceive any logical reason for the use of such procedures by defendants.

Defendants have several statutory rights and remedies with respect to attachment proceedings. Under section 539 the defendant has access to the attachment bond (required to be posted by the plaintiff) to recover costs and damages incurred should judgment in the case be rendered for defendant or should the attachment be discharged because the plaintiff was not entitled to it. Under section 540 the defendant may substitute security by the undertaking of at least two sufficient sureties in lieu of the property upon levy of the attachment. Under sections 554 and 555, after the defendant has appeared in the action he may apply to the court for discharge of the attachment by supplying the court with a sufficient undertaking. Furthermore, a defendant has the right to secure the release of property which is in excess of that amount necessary to satisfy the plaintiff's demand. (*Barceloux* v. *Dow,* 174 Cal.App.2d 170, 173-174 [344 P.2d 41].)

A prior action had been filed by Hetrick, in which PJI appeared as a party defendant, in claim and delivery with respect to the property which was the subject of the third party claim procedure here. That action (Hetrick v. Graves, case No. 58674) appears to afford the proper means for trial of the question of title.

We also note that in another action (Travel Enterprises, Inc., et al. v. Aviation Research Corp., case No. 58249) Hetrick filed a third party claim with respect to the disputed 17 pieces of equipment after a writ of execution had been levied on the property by Travel Enterprises, Inc., in that action. Hearing was had with respect to the title to such property and the trial court issued an "order on third party claim" determining that at the time of the levy of the writ of execution title to the property was vested in Hetrick. A question may be presented with respect to the res judicata effect of that judgment in view of the relationship between

Aviation Research Corp. and PJI. In *Embree Uranium Co.* v. *Liebel, supra,* 169 Cal.App.2d 256, the court discussed the following provision of section 689: " '[J]udgment determining the validity of the [third party] claim . . . shall be conclusive between the claimant and the plaintiff.' " The appellate court stated as follows (169 Cal.App.2d at pp. 258-259): "We are satisfied that the legislative purpose in the use of the words 'shall be conclusive between the claimant and the plaintiff' was to lend to this order the dignity of a judgment, which, when final, would be conclusive as between the contending title claimants, and would enable the successful party receiving such judgment to set up the plea of res judicata to any new action on that particular matter." (See *Commercial Credit Plan, Inc.* v. *Gomez,* 276 Cal.App.2d Supp. 831, 834 [80 Cal.Rptr. 534]; *Brunswig Drug Co.* v. *Springer,* 55 Cal.App.2d 444, 452 [130 P.2d 758].)

We note this possible res judicata problem only in passing. In light of our determination that the trial court erred in allowing the third party claim procedure to be used by the defendants herein to try title to the disputed property, it is not appropriate for us to pass on the merits of that issue on this appeal. The res judicata effect, if any, of the prior order on Hetrick's third party claim is more properly addressed to the trial court in the claim and delivery action.

The judgment in the proceeding in the nature of a third party claim entered on January 15, 1976, is reversed.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied December 23, 1976.